UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-01963 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

The Plaintiff sues the United States, the Office of the Director of National Intelligence, the Director of National Intelligence, and the Inspector General of the United States Intelligence Community. He alleges that, in November 2019, he "reported a child pornography video to the Central Intelligence Agency (CIA)[,]" and that, "[i]n response to the Plaintiff's tip, the CIA began conducting an illegal top secret operation to get rid of the Plaintiff extra-judicially, by slandering

the Plaintiff behind his back, stalking the Plaintiff, illegally spying on the Plaintiff, and using experimental mind-control and mind-reading technology to harass the Plaintiff and drive him insane, until he commits suicide." The Plaintiff believes that "[t]he Office of the Director of National Intelligence (ODNI) oversaw all actions being taken by the CIA[,] and despite the Plaintiff's reports of this alleged conspiracy to ODNI, they failed to investigate, and instead "joined in, mocking the Plaintiff." The Plaintiff demands that this Court the court "review the agency's decision to allow the CIA to murder him."

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 7/27/23

TREVOR N. McFADDEN
United States District Judge